UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **Gabrielle Hashem**,<br><br>  Kazlicesme Mah. Kennedy Cad. No:54<br>  Yedimavi I blok No:55<br>  Zeytinburnu, İstanbul, Turkey 34020<br><br>  Plaintiff,<br><br>v.<br><br>**United States Customs and Border Protection**, Executive Agency;<br><br>  1300 Pennsylvania Avenue, Suite 4.4-B<br>  Washington, D.C. 20229<br><br>  Defendant. | Case No. 1:25-cv-271<br><br>Date Filed: January 29, 2025<br><br>Assigned Judge: TBD<br><br>***Complaint under the Freedom of Information Act for Declaratory Judgment and Injunctive Relief*** |

## INTRODUCTION

On December 16, 2024, Plaintiff submitted a Freedom of Information Act (FOIA) request to the Defendant, U.S. Customs and Border Protection (CBP), seeking records of her entry and exit history into and out of the United States. Plaintiff requires this information to establish that she can automatically transmit U.S. Citizenship to her newborn child born abroad. Despite the statutory deadlines imposed by FOIA, Defendant has failed to make a determination on the FOIA request or disclose the requested information within the prescribed timeframe. Plaintiff brings this action seeking injunctive and appropriate relief under FOIA, 5 U.S.C. § 552.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 5 U.S.C. §§ 552(a)(4)(B),

(6)(C)(i) and 28 U.S.C. § 1331.

2. Venue in the United States District Court for the District of Columbia is appropriate under 5 U.S.C. §§ 552(a)(4)(B) because it is the district in which the requested agency records are situated.

## PARTIES

3. **Plaintiff Gabrielle Hashem,** a U.S. citizen who maintains a residence in Roswell, Georgia. On December 16, 2024, she submitted a FOIA request to the U.S. Customs and Border Protection (CBP) seeking entry and exit records into and out of the U.S. CBP assigned her request case number CBP-FO-2025-037387 but has yet to provide the requested information.

4. **Defendant CBP** is a component agency of the Department of Homeland Security ("DHS") and an agency of the United States under 5 U.S.C. § 552(f)(1). Among other duties, CBP is responsible for admission of foreign nationals to the United States. CBP has responsive records in its possession, custody, and control. CBP is charged with the duty to provide public access to records in its possession consistent with the requirements of FOIA.

## STATEMENT OF FACTS

5. On December 16, 2024, Plaintiff filed a FOIA request with CBP for records regarding her entries and exits into and out of the United States. *See* Exhibit A.

6. Plaintiff seeks to transmit U.S. citizenship to her newborn child born abroad. To achieve this, Plaintiff must prove to a consular officer abroad that she has resided in the United States for the required duration.

7. When applying for a Consular Report of Birth Abroad (CRBA) for her child, Plaintiff

was advised by the consular official to obtain entry and exit documents via a FOIA request from CBP as evidence of her physical presence in the United States. *See* Exhibit B (Emails for Embassy).

8. Plaintiff's FOIA Request was assigned Request Number: CBP-FO-2025-037387. *Id*.

9. Under FOIA, an agency is required to make an initial "determination" with regard to a request within twenty business days of its receipt. *See* 5 U.S.C. § 552(a)(6)(A)(i).

10. If there are "unusual circumstances," as defined by statute, an agency may extend the time to make its determination by no more than ten working days. *See* 5 U.S.C. § 552(a)(6)(B)(i).

11. Under FOIA, individuals making FOIA requests are deemed to have exhausted their administrative remedies if the agency fails to comply with the applicable time limit provisions set forth in the statute. *See* 5 U.S.C. § 552(a)(6)(C)(i).

12. As of this date, CBP has failed to even make an initial determination regarding Plaintiff's request.

13. To date, CBP has failed to inform Plaintiff of any "unusual circumstances" surrounding her request.

14. To date, CBP has failed to produce any responsive agency records to Plaintiffs and the statutory period for an agency response has expired.

15. CBP has similarly failed to communicate the scope of the documents it intends to produce and its reasons for withholding any documents.

## CAUSES OF ACTION

### COUNT ONE

**Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Respond Within the Time Required.**

16. Plaintiff repeats the allegations in paragraphs 1-15 and incorporates them as though fully set forth herein.

17. Under the FOIA, Defendant was required to respond to Plaintiff's FOIA request and to notify Plaintiff of the agency's determination within thirty days after receiving the request. 5 U.S.C. § 552(a)(6)(A), (6)(B).

18. Defendant's failure to make the requisite determination and to communicate it to Plaintiff within the time allowed by the statute violates the FOIA. 5 U.S.C. § 552(a)(6)(A)(i).

## COUNT TWO

**Violation of the Freedom of Information Act, 5 U.S.C. § 552 for Failure to Conduct an Adequate Search.**

19. Plaintiff repeats the allegations in paragraphs 1-15 and incorporates them as though fully set forth herein.

20. Defendant has violated its obligation under the FOIA by failing to make a reasonable effort to search for records responsive to Plaintiff's request. 5 U.S.C. § 552(a)(3)(C).

## COUNT THREE

**Violation of the Freedom of Information Act, 5 U.S.C. § 552; Wrongful Withholding of Records.**

21. Plaintiff repeats the allegations in paragraphs 1-15 and incorporates them as though fully set forth herein.

22. Defendant is wrongly withholding agency records by failing to produce non-exempt records responsive to Plaintiff's FOIA request and by failing to segregate and produce non-exempt records responsive to Plaintiff's FOIA request.

23. Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to promptly produce records responsive to the Plaintiff's FOIA request.

24. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to disclose them.

25. Defendant's failure to disclose all responsive records violates its statutory obligations to make requested records promptly available to the public. 5 U.S.C. § 552(a).

### RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Court:

A. Assume jurisdiction in this matter and maintain jurisdiction until Defendant complies with FOIA and every order of this Court;

B. Declare that Defendant's failure to make a timely determination with regard to Plaintiff's request violates FOIA, 5 U.S.C. §§ 552(a)(6)(A)(i) and (B);

C. Order Defendant to expeditiously conduct an adequate search for all records responsive to Plaintiff's FOIA request in accordance with 5 U.S.C. § 552(a)(3)(C);

D. Declare that Defendant's failure to promptly disclose the records responsive to Plaintiff's request violates FOIA, 5 U.S.C. § 552(a)(3)(A);

E. Order Defendant to expeditiously disclose all responsive, non-exempt records and enjoin Defendant from improperly withholding records;

F. Award Plaintiff attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

G. Grant such other relief as the Court may deem just, equitable, and appropriate.

Respectfully submitted.

Dated: January 29, 2025.

*/s/ Waleed Naser*
Naser Immigration Law, LLC
155 N. Wacker Dr., Suite 4250
Chicago, Illinois 60606
Telephone: 872-265-8490
waleed@naserlegal.com
*Attorney for Plaintiff.*

**CERTIFICATE OF SERVICE**

I, Waleed Naser, certify that on January 29, 2025, I filed the foregoing with the Clerk of Court using the CM/ECF system, and I certify that I will serve this document, along with sealed summonses, to the individuals listed below pursuant to Fed.R.Civ.P. 4:

>U.S. Customs and Border Protection
>Office of Chief Counsel
>U.S. Customs and Border Protection
>1300 Pennsylvania Avenue, Suite 4.4-B
>Washington, D.C. 20229
>
>Merrick Garland
>Attorney General of the United States
>950 Pennsylvania Avenue, NW,
>Washington, DC 20530
>
>U.S. Attorney for the District of Columbia
>via email USADC.ServiceCivil@usdoj.gov

Dated: January 29, 2025.


 /s/ Waleed Naser